Filed 11/17/14  P. v. Sledge CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AARON SLEDGE,<br><br>Defendant and Appellant. | H040088<br>(Monterey County<br>Super. Ct. No. SS081918A) |

## I.  INTRODUCTION

Defendant Aaron Sledge pleaded no contest to possession of marijuana for sale and misdemeanor possession of marijuana.  (Health & Saf. Code, §§ 11359, 11357, subd. (c).)[1]  He was placed on probation with various terms and conditions, including that he not use or possess a controlled substance without a prescription.  Defendant applied for a modification of probation in order to use medical marijuana.  The trial court denied the application.

On appeal, defendant contends that the trial court abused its discretion in denying his application to modify probation to allow medical marijuana use.  For reasons we will explain, we will affirm the order.

_____

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Offense*[2]

In July 2008, a Seaside police officer observed a vehicle parked in an empty lot between two homes just after midnight. The area was known for drug-related activities. As the officer approached the vehicle, he smelled marijuana and saw four people in the vehicle, including defendant. After talking to the driver, the officer had the occupants exit the vehicle. Defendant had a backpack that contained a Sprite can with 11 coin-sized baggies of marijuana inside it. There were five additional baggies of marijuana in the backpack, along with more than $200. Another baggie was found in the center console of the vehicle. The baggies weighed a little more than a half ounce and were worth between $170 and $400. Upon being arrested, defendant stated that the marijuana was for personal use. While at the police station for booking, defendant's phone kept ringing. Defendant did not provide any information when he was asked about his employment history.

Based on his training as a narcotics officer, the police officer believed defendant possessed the marijuana for sale. The officer's opinion was based on the packaging of the marijuana in little bindles, the number of baggies possessed, the fact the marijuana was concealed, defendant's presence on a street known for drug activity, and the presence of the cell phone and the money.

### B. *Information and Plea*

In August 2008, defendant was charged by information with possession of marijuana for sale. (§ 11359.) On October 29, 2009, the information was amended to add a count for misdemeanor possession of marijuana. (§ 11357, subd. (c).) Defendant pleaded guilty to both counts. He entered his pleas with the understanding that he would receive probation for the misdemeanor, that sentencing would be continued for the

---

[2] The facts are taken from the preliminary examination.

felony, and that if he violated any terms of his probation he could be sentenced on the felony for up to three years in prison.

## C. *December 2009 Probation Conditions*

According to the probation officer's report, defendant stated that in 2003 he suffered a football injury and had three metal plates placed around his eye. He took Tylenol and ibuprofen for pain and "also obtained a cannabis card to smoke medicinal marijuana, which he believes most effectively manages his pain." Defendant admitted smoking marijuana twice since his most recent release from custody, which was about a month and a half prior to his interview with the probation officer; that he had smoked marijuana as recently as three days before the interview; and that he had been smoking marijuana since the age of 12, or for about 10 years.

On December 10, 2009, the trial court suspended imposition of sentence on count 2, the misdemeanor possession count, and placed defendant on probation for three years with various terms and conditions, including that he serve 75 days in jail, that he obey all laws, that he not use or possess drugs or controlled substances without the prescription of a physician, and that he not use or possess medicinal marijuana without obtaining a valid state department health permit and provide proof to the court upon meeting those requirements. The court continued sentencing as to count 1, the felony possession for sale count.

## D. *Notices of Violation of Probation and March 2011 and April 2013 Probation Conditions*

In early 2010, the district attorney filed a notice of violation of probation, stating that defendant violated Penal Code sections 243, subd. (e), 591.5, and 236, which resulted in a new case against him, No. MS284667A. In mid-2010, the district attorney filed another notice of violation of probation, stating that defendant violated

3

section 11357, former subdivision (b)[3] on or about May 28, 2010, which resulted in another case against him, No. MS287327A. In late 2010, defendant admitted violating probation for failure to obey all laws.

On March 29, 2011, the trial court suspended imposition of sentence on count 1 for felony possession of marijuana for sale. (§ 11359.) Defendant was placed on probation for three years with various terms and conditions, including that he serve 180 days in county jail, report to the probation officer after sentencing and thereafter when and as required, report any change of address within 24 hours, "[n]ot use or possess . . . narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician," and "[p]articipate in any counseling or substance abuse program the Probation Officer deems necessary, including approved residential treatment." Regarding count 2, the court terminated probation.

In mid-2012, the probation department filed a petition alleging that defendant had violated his probation by failing to report to the probation department since February 2012, that he was no longer residing at his last reported address, and that his whereabouts were unknown. Defendant's probation was summarily revoked.

On April 11, 2013, defendant admitted violating his probation. The trial court reinstated probation on the same terms and conditions with the additional condition that he serve 33 days in jail.

**E.** *Application for Modification of Probation*

On July 2, 2013, defendant signed a written application for modification of sentence/probation. In the application, he "request[ed] permission to smoke medicinal marijuana" and indicated that he wanted to "use . . . medical marijuana w[ith] . . . [a]

---

[3] Section 11357, former subdivision (b) provided that, "[e]xcept as authorized by law, every person who possesses not more than 28.5 grams of marijuana, other than concentrated cannabis, is guilty of a misdemeanor and shall be punished by a fine of not more than one hundred dollars ($100)." (Stats. 1983, ch. 434, § 1.5.)

California medical marijuana card." The probation department submitted opposition to the application because defendant had "failed to provide proof that he has exhausted all other medical resources."

A hearing on the matter was scheduled for July 30, 2013. Defendant's application was denied on that date after he failed to appear at the hearing.

On August 22, 2013, at defense counsel's request, another hearing was held on defendant's application for modification of probation. At the hearing, defendant presented a card entitled, "State of California Medical Marijuana Identification Card," which had a photograph of a person who, according to the prosecutor, "appear[ed] to be the likeness of the defendant." Defense counsel indicated that the card was "a state-issued card pertaining to [defendant's] medical use of medical marijuana."

Defendant also presented a "PHYSICIAN'S STATEMENT"[4] from "MediCann" which stated, "This letter is to verify that I am the attending physician for [¶] AARON LEE SLEDGE [¶] regarding the therapeutic value of medical cannabis for him/her. Additionally, this letter verifies that he/she has been diagnosed with a serious medical condition and that the medical use of cannabis is appropriate for that serious medical condition. [¶] This letter is a part of the patient's permanent record." The physician's statement was signed by Michelle Patricia Brown, M.D., and provided the physician's license number, statement date (April 16, 2013), "Time Period Covered" (until April 16, 2014), clinic location (Santa Cruz), patient identification number, and patient's date of birth. According to defense counsel, this recommendation for medical marijuana use was from a licensed physician in the state of California.

The prosecutor joined in the probation department's objection to modifying probation.

---

[4] This court granted defendant's motions to augment the record on appeal to include the state medical marijuana identification card and the physician's statement.

The trial court denied the application. The court explained: "Unfortunately, the Court has seen way too many of these fill-in-the b[l]ank forms. Court would be happy to consider the request. I would like an actual letter from a physician indicating he's actually examined Mr. Sledge and determined that medical marijuana is the proper medication. [¶] I'm not going to accept a form letter. I'm not going to accept a fill-in-the-blank letter, or a letter that costs 90 bucks at any street corner in various communities. [¶] So if you would actually like to provide a letter from the physician saying he's actually examined him and recommends his treatment and not a form letter, I'd be happy to consider that."

Defense counsel objected and stated that the trial court had been given "a letter from a licensed physician indicating that he has recommended his medical use of marijuana."

The Court responded, "Thank you. And I will be happy to have a letter from that same physician indicating that he needs treatment, even though he's on probation, he needs treatment, that they're aware of a potential substance abuse problem. I'd be happy to review that letter. Right now it looks like a form letter that costs 90 bucks on the corner."

Defendant filed a notice of appeal regarding the trial court's August 22, 2013 order.

### III.   DISCUSSION

Defendant contends that the trial court abused its discretion in denying his application to modify the conditions of his probation to allow medical marijuana use. The Attorney General contends that defendant's appeal is "barred." The Attorney General further contends that the trial court properly denied defendant's application regarding medical marijuana use.

We first consider whether the trial court's denial of defendant's application to modify his probation conditions is appealable.

6

**A.** *Appealability*

The Attorney General contends that an order *denying* modification of a probation term is not appealable, citing *People v. Djekich* (1991) 229 Cal.App.3d 1213 (*Djekich*). In *Djekich*, the court held that, "[b]ecause the order granting probation was appealable, [the defendant's] failure timely to do so precludes this belated attempt to appeal from an order denying modification. To hold otherwise would condone extending the jurisdictional time limit for filing appeals through bootstrapping. [Citation.]" (*Id.* at p. 1219.)

Defendant replies that "the condition at issue could not have been challenged when [he] was initially granted probation in the felony case, and so this appeal is the first opportunity to appeal the order."

Penal Code section 1237 provides that a defendant may appeal from "an order granting probation" (*id.*, subd. (a)), and "[f]rom any order made after judgment, affecting the substantial rights of the party" (*id.*, subd. (b)).

In this case, defendant did not appeal from the March 29, 2011 order placing him on probation for felony possession of marijuana for sale. Instead, he appealed from the trial court's August 22, 2013 order denying his application to modify probation conditions. When defendant was placed on probation for the felony in March 29, 2011, and when his probation was revoked and reinstated on essentially the same terms and conditions on April 11, 2013, the conditions of his probation included that he "[n]ot use or possess . . . narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician." Defendant's subsequent application to modify probation sought "permission" to use medical marijuana and was supported by a letter from his physician and a state medical marijuana identification card. To the extent the probation condition may be construed to allow the use and possession of marijuana when defendant has obtained the proper supporting documentation from a physician, defendant's application to the court did not actually seek modification of that condition. Rather,

7

defendant essentially sought confirmation that his use of medical marijuana would not be a violation of probation.

In this regard, we observe that section 11362.795 states in part: "(a)(1) Any criminal defendant who is eligible to use marijuana pursuant to Section 11362.5 may request that the court *confirm* that he or she is *allowed* to use medical marijuana while he or she is *on probation* or released on bail. [¶] . . . [¶] (3) During the period of probation or release on bail, if a physician recommends that the probationer or defendant use medical marijuana, the probationer or defendant may request a *modification* of the conditions of probation or bail *to authorize* the use of medical marijuana." (Italics added.)

In this case, the probation officer's December 2009 report refers to defendant as having a "cannabis card to smoke medicinal marijuana." The record does not reflect whether defendant had a medical marijuana card when the probation condition concerning controlled substances was subsequently ordered, such that he should have raised the issue in an appeal at that time. Assuming the August 22, 2013 order denying defendant's application for modification of probation is appealable, as we will next explain we nevertheless determine that defendant fails to establish a basis for reversing the order.

## B. *Defendant Fails to Show a Basis for Reversing the Order*

In contending that the trial court abused its discretion in denying his application to modify probation to allow medical marijuana use, defendant first contends that the trial court erroneously deemed fraudulent the letter from his physician. Second, defendant contends that the court failed to review and accept the medical marijuana card, and that the card itself was sufficient to support his application to modify probation to allow medical marijuana use.

We determine that defendant fails to persuasively articulate why the trial court's refusal to accept the "PHYSICIAN'S STATEMENT" concerning his purported need for

medical marijuana was an abuse of discretion. Defendant's underlying offense was felony possession of marijuana for sale. He admitted to the probation officer that he had been using marijuana since he was 12 years old, or for about ten years by that point. After being placed on probation, defendant violated probation by failing to obey all laws, in particular section 11357, former subdivision (b), regarding misdemeanor possession of marijuana. Thereafter, in seeking the court's permission to use medical marijuana, defendant presented a form letter which contained generic references to the patient, such as "him/her" and "he/she," by the physician. Under the circumstances, we do not believe it was unreasonable for the court to require defendant to provide a letter indicating that the physician had actually examined defendant, that the physician was aware defendant was on probation and aware of a potential substance abuse problem, and that a determination had been made that medical marijuana is appropriate for him.

Further, we are not persuaded by defendant's argument on appeal that the trial court erred by failing to "review and accept" the medical marijuana card as a sufficient basis to support his application for modification of probation. We understand defendant to also argue that the court should have entered the card into evidence. Although the card was apparently presented to the court at the August 22, 2013 hearing, we observe that defendant did not request that the card be entered into evidence or otherwise be made a part of the court record, and he did not make any argument concerning the legal significance of the card to the issues before the court.

Moreover, contrary to defendant's suggestion on appeal, the mere existence of the card does not mandate the conclusion that defendant may lawfully use medical marijuana. The Compassionate Use Act of 1996 (CUA) (§ 11362.5) " 'gives a person who uses marijuana for medical purposes on a physician's recommendation a defense to certain state criminal charges involving the drug, including possession [citations].' [Citation.]" (*People v. Leal* (2012) 210 Cal.App.4th 829, 838 (*Leal*).) The Medical Marijuana Program (MMP) (§ 11362.7 et seq.), which was "designed to clarify the CUA

9

and facilitate its enforcement, provides enhanced protection through use of identification cards. 'At the heart of the MMP is a voluntary "identification card" scheme that, unlike the CUA—which . . . provides only an affirmative defense to a charge of possession or cultivation—provides protection against arrest for those and related crimes. Under the MMP, a person who suffers from a "serious medical condition" . . . may register and receive an annually renewable identification card that, in turn, can be shown to a law enforcement officer who otherwise might arrest the program participant . . . .' [Citation.]" (*Leal*, *supra*, at p. 838, italics omitted.) However, "[a] card that reveals false information, fraud, or other violations of the CUA *may certainly be challenged*. (Cf. § 11362.71, subd. (e) [holder may be arrested upon 'reasonable cause to believe that the information contained in the card is false or falsified, the card has been obtained by means of fraud, or the person is otherwise in violation of the provisions of this article'] . . . .)" (*Leal*, *supra*, 210 Cal.App.4th at p. 839, italics added; see §§ 11362.78 [law enforcement must accept the card unless there is "reasonable cause to believe that the information contained in the card is false or fraudulent, or the card is being used fraudulently"]; 11362.81 [making it a crime to fraudulently represent a medical condition or fraudulently provide any material misinformation for the purpose of falsely obtaining a card].)

In this case, defendant argues that the trial court, "[i]nstead of reviewing the medical marijuana card itself, . . . erroneously focused on the recommendation of the attending physician, which was in fact sufficient to lead to the issuance of the card." However, given that the court had a reasonable basis for questioning the validity of the physician's statement, the court would have also had reasonable grounds for questioning the validity of the card, which was apparently based on the physician's statement. (See §§ 11362.715, subd. (a)(2) [person seeking identification card under MMP must provide written documentation from "attending physician"], 11362.7, subd. (a) [attending

10

physician must conduct medical examination of patient before recording in patient's medical records the appropriateness of medical marijuana use].)

In sum, in view of the circumstances of this case, we determine that the trial court expressed reasonable concern about the validity of the written physician's statement that defendant presented at the hearing. The court did *not* state that defendant was absolutely precluded from using medical marijuana while on probation, and it did *not* foreclose the possibility that defendant could obtain the proper physician's recommendation to use medical marijuana. Rather, the court indicated that it "would be happy to consider" defendant's request to use medical marijuana with a proper letter, but not a form letter, from defendant's physician. Defendant simply needs to get a letter from his physician indicating that the physician has "actually examined" defendant, that the physician is aware defendant is "on probation" and "aware of a potential substance abuse problem," and that the physician has made a determination that medical marijuana is appropriate for defendant. The abuse of discretion standard, "[a]lthough variously phrased[,] . . . asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable law and the relevant facts [citations]." (*People v. Williams* (1998) 17 Cal.4th 148, 162.) We find no abuse of discretion by the trial court in this case.

## IV. DISPOSITION

The August 22, 2013 order is affirmed.

11

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:



_____
ELIA, ACTING P.J.




_____
MIHARA, J.